UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>OPHERRO JONES (03),<br><br>            Defendant. | CR NO. 13-00860-03 LEK |

**ORDER DENYING DEFENDANT'S MOTION FOR
<u>COMPASSIONATE RELEASE [FILED 3/8/22 (DKT. NO. 1532)]</u>**

Defendant Opherro Jones ("Jones") seeks sentence reduction and compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). <u>See</u> Defendant's Motion: Compassionate Release 18 U.S.C. § 3582(c)(1)(A) F.S.A., filed 3/8/22 (dkt. no. 1532) ("Motion").[1]  Plaintiff United States of America ("the Government") opposes the Motion.  <u>See</u> Government's Response in Opposition to Defendant's Motion for Compassionate Release, filed 3/24/22 (dkt. no. 1542) ("Response").  Jones filed his reply memorandum on April 5, 2022.  <u>See</u> Jones's Optional Reply in Support of His Request for Compassionate Release - FSA 18 U.S.C. § 3582(c)(1)(A), filed 4/5/22 (dkt. no. 1545).  At the time he filed the Motion, Jones was in the custody of the

---

[1] Jones's Motion also sought the appointment of counsel. <u>See</u> Motion at PageID #: 12438.  That portion of the Motion was previously denied.  <u>See</u> Minute Order, filed 3/11/22 (dkt. no. 1534), at PageID #: 12441.

Federal Bureau of Prisons ("BOP") at United States Penitentiary Thompson in Thomson, Illinois.  See Motion, Mailing Documentation (dkt. no. 1532-2).  He is currently in BOP custody at the Federal Transfer Center in Oklahoma City, Oklahoma, and his projected date of release is September 21, 2023.  Federal Bureau of Prisons, Find an inmate, https://www.bop.gov/inmateloc/ (last visited July 29, 2022).  For the reasons stated below, Jones's Motion is denied.

## DISCUSSION

Generally, courts have limited power to modify terms of imprisonment after a defendant has been sentenced.  Dillon v. United States, 560 U.S. 817, 819 (2010) ("A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" (quoting 18 U.S.C. § 3582(c)).  As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes an exception to that general rule and permits modification of a sentence.  A reduction of Jones's sentence is only permitted if there are "extraordinary and compelling reasons," and if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  See § 3582(c)(1)(A)(i).  The key term "extraordinary and compelling reasons" was not, however, defined.  See United States v. Aruda, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam).  The Sentencing Commission does provide guidance in its policy statement as considerations for finding

2

"extraordinary and compelling reasons" and sets forth certain circumstances that justify sentence reduction, including serious medical conditions, advanced age, certain family circumstances, and other reasons "[a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1. However, this statement has not been updated "since the First Step Act amended § 3582(c)(1)(A)." Aruda, 993 F.3d at 800. Thus, "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." Id. at 802 (citing United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020)).

      The Court finds that Jones does not present evidence of sufficient risk factors to indicate that he would suffer severe illness or death should he contract COVID-19. The Court takes notice that Jones has been fully vaccinated against COVID-19. See Government's Response, Exh. B (Jones's BOP Health Services - Immunizations record and his COVID-19 Vaccine Consent - Inmate form). Jones does not present specific risk factors but argues that the continued spread of COVID-19 in the United States coupled with confinement to small quarters and lack of precautionary measures in prison present serious risk to his health from repeated COVID-19 infections. See Motion at PageID #: 12438. These reasons, while undoubtedly true as risk

3

factors, are not sufficient to demonstrate extraordinary reasons necessary to grant an early release.  Nor are the unfortunate family circumstances and physical ailments, including his back injury and accompanying severe pain, that he raises in his Motion.  See id.  In exercising its discretion in ruling on the Motion, the Court has taken into consideration the factors set forth in U.S.S.G. § 1B1.13 but, as explained more fully in Aruda, it does not find the United States Sentencing Commission's statements as binding upon it in reaching its decision that Jones does not present extraordinary and compelling reasons to support his early release.  Accordingly, the Motion is denied.

## CONCLUSION

For the foregoing reasons, Jones's Motion: Compassionate Release 18 U.S.C. § 3582(c)(1)(A) F.S.A., filed March 8, 2022, is DENIED.

IT IS SO ORDERED.

DATED HONOLULU, HAWAII, July 29, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**USA V. OPHERRO JONES**; CR 13-00860 (03) LEK; ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [FILED 3/8/22 (DKT. NO. 1532]