```
                    UNITED STATES DISTRICT COURT

                         DISTRICT OF HAWAII
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>OPHERRO JONES (03),<br><br>          Defendant. | CR NO. 13-00860-03 LEK |

**ORDER DENYING DEFENDANT'S MOTION TO CORRECT OR REDUCE SENTENCE PURSUANT TO FED. R. CRIM. P. 35, [FILED 6/3/24 (DKT. NO. 1665)]**

Before the Court is Defendant Opherro Jones's ("Defendant") motion regarding the revocation of his supervised release and the imposition of his sentence of eight months incarceration. See Def.'s Appeal Sentencing of 8 Months and $4,000, filed 6/3/24 (dkt. no. 1665) ("Motion"). Defendant's motion was filed *pro* se, despite Defendant being represented by legal counsel, and was initially postured as an appeal. See id. at PageID.12777. At the heart of the Motion is Defendant's objection to the revocation of his supervised release because of his numerous violations of the conditions of his supervised release, and the eight months imprisonment imposed on May 24, 2024 as a result of his violations. See Judgment in a Criminal Case, filed 5/31/24 (dkt. no. 1664) ("Revocation Judgment"). Defendant's counsel subsequently filed a motion asking that the

Court construe Defendant's Motion as a motion to correct or reduce sentence. See Motion to Construe Docket Number 1665 as Motion to Correct or Reduce Sentence Pursuant to Fed. R. Crim. P. 35, filed 6/28/24 (dkt. no. 1674). This request was granted on July 1, 2024. [Minute Order - EO: Court Order: Granting Motion to Construe Docket Number 1665 as Motion to Correct or Reduce Sentence Pursuant to Fed. R. Crim. P. 35; and Setting a Nonhearing Briefing Schedule for the Rule 35 Motion, filed 7/1/24 (dkt. no. 1675).]

As follows, the Motion is denied because the Court can only modify a term of imprisonment in limited circumstances; none of which applies here. Further, Defendant presents only general complaints about the length of the sentence but does not raise any legal basis for modification.

## BACKGROUND

Defendant's offense and subsequent sentence involve a lengthy history that the Court need not repeat here. The salient facts related to the issue at hand are that: Defendant entered a guilty plea to one count on March 28, 2014; [Minutes - EP: Motion for Withdrawal of Not Guilty Plea and to Plead, filed 3/28/14 (dkt. no. 243);] his guilty plea was accepted on April 15, 2014; [Acceptance of Plea of Guilty, Adjudication of Guilty and Notice of Sentencing, filed 4/15/14 (dkt. no. 261);] Defendant was sentenced on May 25, 2015; [Minutes - EP:

2

Sentencing to Count 1 of the Indictment, filed 5/27/15 (dkt. no. 913);] Defendant was sentenced to 110 months imprisonment, to run consecutively to CR 08-1-00263 and CR 07-1-1948, three years of supervised release, restitution in the amount of $4,576.00, and $100 special assessment fee; [Judgment in a Criminal Case filed 5/29/15 (dkt. no. 914), at 2-3, 6;] Defendant commenced his term of supervised release on September 21, 2023; [Request for Course of Action (Statement of Alleged Violations of Supervised Release), filed under seal on 12/13/23 (dkt. no. 1640), at 1;] during a May 24, 2024 hearing on an order to show cause why Defendant's supervised release should not be revoked, Defendant admitted to all four of the violations alleged against him; [Minutes - EP: Order to Show Cause Why Supervised Release Should Not Be Revoked, filed 5/24/24 (dkt. no. 1663) ("5/24 OSC Minutes"); and Defendant's supervised release was revoked and a sentence of eight months imprisonment was imposed as well as a term of supervised release of twenty-eight months, restitution in the amount of $4,575.00, and a $100 special assessment fee, [Revocation Judgment at 3-4, 8]. As noted by Plaintiff United States of America ("the Government"), there appears to be a scrivener's error in the Revocation Judgment stating the amount of the restitution as "$4,575.00," instead of "$4,576.00," as originally ordered. [Govt's Response in Opposition to Defendant's Motion to Correct

3

or Reduce Sentence Pursuant to Fed. R. Crim. P. 35 (ECF 1674), filed 7/8/24 (dkt. no. 1676), at 5 n.2.]

## STANDARD

Rule 35(a) provides that, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). "The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action[.]" Fed. R. Crim. P. 35 advisory committee's note to 1991 Amendments.

## DISCUSSION

Although Defendant is represented by counsel, he filed the Motion *pro* se, and therefore the Court liberally construes his filing. See United States v. Jackson, 21 F.4th 1205, 1216 (9th Cir. 2022) ("Pro se motions from prisoners are to be liberally construed." (citation omitted)). The Court construes Defendant's argument about the amount of restitution as being that the restitution ordered is erroneous because the amount does not credit any payments that he has made towards his restitution. Although perhaps not articulated in the most clear manner, the Revocation Judgment specifically provides, in the

4

special conditions of supervised release, that the restitution to be paid is the **unpaid balance** of the restitution, not the original amount: "Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision." [Revocation Judgment at 6, ¶ 7.] Thus, Defendant is mistaken that he is being ordered to pay anything above the original amount over the term of his supervised release.

The Court liberally construes Defendant's other objection as being that the eight months of incarceration is an illegal sentence because he would like a second chance, he wants to be with his family, and eight months is a lot for a first-time offense while on supervised release. In determining Defendant's sentence, the Court considered Defendant's Title 18 United States Code Section 3553(a) factors and found that Defendant's violations (to which he admitted) were serious violations; specifically, he tested positive for using methamphetamine, was involved in two incidents that resulted in contact with law enforcement, and failed to report the incidences to his probation officer. Even worse, Defendant committed these violations only a few weeks after first starting supervision. Not only did he initially refuse to take responsibility for these violations, he then absconded from supervision in December 2023 (a mere ten weeks after starting

5

supervision), and was brought to federal custody only after he was arrested for a new state criminal offense in January 2024. See 5/24 OSC Minutes at PageID.12764 (noting Defendant was advised of the alleged violations of supervised release and admitted all violations). These factors all add up to reasonable justification for the eight months of incarceration. See 18 U.S.C. § 3553(a)(1)-(2).

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Reduce or Correct Sentence Pursuant to Fed. R. Crim. P. 35, filed June 3, 2024, is DENIED.

IT IS SO ORDERED.

DATED HONOLULU, HAWAII, August 28, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**UNITED STATES OF AMERICA V. OPHERRO JONES; CR 13-00860(03) LEK; ORDER DENYING DEFENDANT'S MOTION TO CORRECT OR REDUCE SENTENCE PURSUANT TO FED. R. CRIM. P. 35, [FILED 6/3/24 (DKT. NO. 1665)]**